JOAQUÍN A. MÁRQUEZ, Petitioner, *v.* GILBERTO GIERBOLINI, GENERAL SUPERVISOR OF ELECTIONS, Respondent.

No. O-72-283.    Decided September 29, 1972.[1]

*Santos P. Amadeo* for petitioner.

### ORDER

Considering the fact that mandamus lies only in order to enforce the discharge of a ministerial duty clearly provided by law, and taking into account that in the instant case the constitutionality of a statute of the Legislature of Puerto Rico has to be determined first, the writ requested does not lie. The petition for mandamus having been considered as a petition for declaratory judgment, the same is transferred to the Superior Court, San Juan Part, since this Court lacks jurisdiction to take cognizance of the same in first instance.

It was so agreed by the Court and certified by the Clerk. Mr. Acting Chief Justice Pérez Pimentel and Mr. Justice Martínez Muñoz dissented in separate opinions. Mr. Justice Rigau, with whom Mr. Justice Ramírez Bages joins, concurred in a separate opinion. Mr. Justice Dávila issued a separate opinion in which Mr. Justice Ramírez Bages concurs. Mr. Justice Hernández Matos and Mr. Justice Martín took no part in this decision.

(s) JOSÉ L. CARRASQUILLO

*Clerk*

---

[1] Amended through an Order approved on November 28, 1972.

—O—

MR. JUSTICE RIGAU, with whom MR. JUSTICE RAMÍREZ BAGES joins, concurring.

San Juan, Puerto Rico, October 5, 1972

The mandamus requested does not lie. As it is known, a mandamus against a public officer lies only at law when there exists a ministerial duty imposed by law. This is, when the law orders the public officer concerned to discharge a duty and gives him no discretion to decide whether or not to fulfill it. In the case at bar the law does not give that discretion to the General Supervisor of Elections of Puerto Rico. On the contrary; the law *prohibits* him from doing what petitioner requests him to do. That is why the General Supervisor of Elections acted in the correct manner.

The provision of law which provides that this Court is not merely a court of cassation but a court of appeals and that it could entertain not only questions of law but also questions of fact is invoked in one of the dissenting opinions. That provision—of great value as it is for other reasons—is not pertinent herein since the same *does not grant* any jurisdiction whatsoever; it only states how to exercise that jurisdiction when the court has it.

—O—

Separate opinion of MR. JUSTICE DÁVILA, with whom MR. JUSTICE RAMÍREZ BAGES concurs.

San Juan, Puerto Rico, October 5, 1972

The importance which a question may have for a litigant does not grant jurisdiction to a court to entertain an action if it is not established by law. To respect the law, the one which governs the conduct of individuals as well as the one

which governs the function of a court is fundamental for the permanence of a government of law.

The Act of March 12, 1903—4 L.P.R.A. § 36[1]—does not grant authority to the Supreme Court to take cognizance of an action over which it lacks jurisdiction. That legislative provision establishes rules to decide a controversy once the Supreme Court has acquired jurisdiction pursuant to the laws which govern the function of this Court.

—O—

MR. ACTING CHIEF JUSTICE PÉREZ PIMENTEL, dissenting.

San Juan, Puerto Rico, October 5, 1972

I vote for the issuance of an alternative writ of mandamus. I deem that within the instant petition the Court is empowered to consider the constitutionality of § 48a of Act No. 79 of June 25, 1919, as amended, 16 L.P.R.A. § 173, as a previous step to decide whether or not to order the petition made by petitioner.

Since we are just a few days from the general election and since we are dealing here with the claim of an elector of his right to participate in the electoral process working at the Poll Boards and there being other 20,000 citizens in the same situation as it is alleged, the Court should have assumed jurisdiction in the matter, particularly when at the present time there is no reasonable basis, prima facie, for the law to

---

[1] It provides thus:

"The Supreme Court of Puerto Rico shall hereafter be a court of appeals and not a court of cassation. In its deliberations and decisions, in all cases, civil or criminal, said court shall not be confined to the errors in proceeding (procedure) or of law only, as they are pointed out, alleged or saved by the respective parties to the suit, or as set fourth (forth) in their briefs and exceptions, but in furtherance of justice, the court may also take cognizance of all the facts and proceedings in the case as they appear in the record, and likewise consider the merits thereof, so as to promote justice and right and to prevent injustice and delay."

declare, as it does, the offices of members of the Poll Boards and challengers incompatible with any other office discharged under, or paid with money of the Federal Government of the United States, or any of its agencies in Puerto Rico, on the date elections are held or paid for during the two months prior thereto.

—O—

MR. JUSTICE MARTÍNEZ MUÑOZ, dissenting.

San Juan, Puerto Rico, September 29, 1972

With the votes of four colleagues, the Court considers that the petition for mandamus should be considered as a petition for declaratory judgment and, thus considered, it declares itself without jurisdiction.

I dissent. The petition raises the question of whether the constitutional right of the citizen in the exercise of the electoral prerogative—to act as challenger of a polling place—may be restricted by legislation because of the mere fact that such citizen discharges an office paid by the Government of the United States. Section 48a of the Election Law, 16 L.P.R.A. § 173. The great public interest to have this serious contention decided now should not be doubted. It is a question not only of the basic right of the citizen to enjoy the guarantee and protection in the exercise of the electoral prerogative, but also of the fundamental right to the equal protection of the laws, right which, from the face itself of the section of the law challenged, seems to have been equally denied to petitioner.

The Election Law provides (16 L.P.R.A. § 171) that the officers of polling places—inspectors, secretaries, and challengers—shall be appointed prior to twelve o'clock noon of the 1st day of October of the election year. The problem raised demands a prompt and final decision. We will not be running

a risk by asserting that it would not be attained in the manner in which the majority has disposed of this question.

The authority of this Court to entertain petitions for mandamus in first instance should not be doubted. 32 L.P.R.A. § 3421. And the requirements which we have demanded in the past are present in the instant case: (a) the petition is directed to a high officer of the government as is the General Supervisor of Elections, (b) questions of great public interest are raised, and (c) the problem demands a prompt and final solution. *Dávila* v. *Gen'l Supervisor of Elections*, 82 P.R.R. 257 (1960).

In judging the availability of the remedy and the procedural vices which it may have, we should not disregard the facts and the merits of the case and the urgency with which it deserves to be decided. It would be worthwhile to remember the provision of law which says:

"The Supreme Court of Puerto Rico shall hereafter [1903] be a court of appeals and not a court of cassation. In its deliberations and decisions, in all cases, civil or criminal, said court shall not be confined to the errors in proceeding (procedure) or of law only, as they are pointed out, alleged or saved by the respective parties to the suit, or as set fourth (forth) in their briefs and exceptions, but in furtherance of justice, the court may also take cognizance of all the facts and proceedings in the case as they appear in the record, and likewise consider the merits thereof, so as to promote justice and right and to prevent injustice and delay." 4 L.P.R.A. § 36.

I have taken as a basis the Constitution and justice as supreme values for which the proceeding should constitute an instrument and not a straightjacket. I think that the decision of the Court is forcing petitioner to follow à procedure which is so slow that it would probably turn out to be ineffectual. It wouldn't be surprising that petitioner would be bound to resort to the federal courts, which in view of the serious constitutional contentions and of the absence of an effective local

proceeding, would probably agree to decide this important question of Puerto Rican law.

· For that reason I have voted for the issuance of the writ of mandamus.